# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>        Plaintiff,<br><br>vs.<br><br>NORFOLK COUNTRY INN, L.L.C.,<br>ROBERT L. PAGAN, AND MICHAEL<br>WIESELER,<br><br>        Defendants. | 8:15CV299<br><br>ORDER |

      This matter is before the Court on the Joint Motion for Permission to Sell Real Estate and Personal Property Without the Necessity of Obtaining Appraisals (Filing No. 82) (the "Motion"), filed by the parties in this case: U.S. Bank National Association (the "Bank"), Great American Hotel Group, Inc. f/k/a Ocean Hospitalities, Incorporated as the duly appointed receiver in this action and not in its corporate capacity (the "Receiver"), and the above-captioned defendants (the "Defendants").

      This action was brought by the Bank on August 10, 2015. (Filing No. 1.) By agreement with the Defendants, the Receiver was appointed to manage the real and personal property assets of Norfolk County Inn L.L.C. ("NCI") that serve as collateral for the debt owing to the Bank (the "Property"), and to seek a buyer for such assets. On September 30, 2015, the Court appointed the Receiver. (Filing No. 30.) Since its appointment, the Receiver has actively sought, and now identified, a buyer for the Property (the "Buyer"). Attached as Exhibit A to the Motion (Filing No. 82 at ECF 6-10) is the letter of intent ("LOI") with respect to the sale of the Property to the Buyer. The parties have represented to the Court that they have reached an agreement as set forth in this Order, and the Court has considered the agreement, and concludes it is in the

best interest of the parties and the Motion should be granted. The Court specifically notes that the parties have agreed to wording of the operative portion of this Order. Accordingly,

IT IS ORDERED:

1. The Joint Motion for Permission to Sell Real Estate and Personal Property Without the Necessity of Obtaining Appraisals (Filing No. 82) is granted;

2. The Defendants have agreed to the sale of the Property to the Buyer without the need for the engagement of appraisers, and accordingly agree that the sale price set forth in the LOI is acceptable under the circumstances;

3. Although 28 U.S.C. § 2201(b) requires the Receiver to obtain three appraisals to support the sale of the Property, the Court finds that the Receiver has actively marketed the Property for months and the attached LOI is the highest and best offer that can be obtained. The Court also notes that the statutory requirement for the appraisals is to assure that the offer yields a fair price to protect the interests of the landowner, here NCI, and guarantors of the Debt, here Mr. Pagan and Mr. Wieseler, who have agreed to waive the appraisal requirement;

4. Under these circumstances, and in light of the Defendants' agreement, the requirement of engaging three appraisers, which would entail expenditure of significant sums that would add to the recovery sought by the Bank against the Defendants, should not be imposed;

5. It is also recognized that at the time the Receiver was appointed, NCI owned substantially all its personal property subject to a security interest in favor of Leasing Experts, Inc. ("LEI") to secure a loan made by LEI to NCI to acquire such

personal property, guaranteed by Mr. Pagan and Mr. Wieseler;

6. As further consideration for the agreement herein made by the Defendants, the Receiver and the Bank agree:

(a) the regular payments owing to LEI (or any assignee of LEI) shall continue to be made by the Receiver to LEI (or, in the event of assignment, to its assignee) pending the closing with the Buyer; and

(b) At Closing, the debt owing to LEI (or any assignee of LEI) shall be satisfied;

7. The Receiver shall comply with the other requirements of 28 U.S.C. § 2001(b) to publish notice of the sale to assure there are no higher or better bids in advance of seeking entry of an order by the Court approving the sale;

8. The Court designates the Norfolk Daily News, a newspaper of general circulation in Madison County, Nebraska, for publication of said notice;

9. The Receiver shall publish a notice in the Norfolk Daily News no later than June 15, 2016, or as soon as possible after the entry of this Order pursuant to Norfolk Daily News's publication schedule;

10. The notice should include:

(a) a legal description of the real property and a description of the personal property that is to be sold;

(b) a statement that the property is being sold by the Receiver under the authority of an order of this Court in this case, with reference to the case number;

(c) a statement that the property is under contract to be sold for $1,300,000, as-is and where-is, on terms more fully set out in governing sale documents;

(d) a statement that the Receiver will consider bona fide offers that result in at least a 10 per centum increase over the price offered in the private sale;

(e) a statement that any person seeking to make such an offer must file with the Clerk of the United States District Court for the District of Nebraska within 10 days of the notice an irrevocable offer to purchase the property on the same material terms as the governing sale documents, with a closing date of 60 days after the notice is filed;

(f) a statement than any person seeking to make such an offer must also pay to the Clerk of the United States District Court the amount of $82,500.00 within 10 days of the notice, which amount will be held by the Clerk on the same terms as the escrow deposit required by the governing sale documents;

(g) a statement that, by submitting such an offer, the person is subjecting themselves and the funds paid to the Clerk to the jurisdiction of this Court for all purposes related to the offer and sale; and

(h) contact information for the Receiver or its designee;

11. If no offer is made pursuant to the foregoing paragraphs, the sale contemplated by the LOI will be deemed approved without further order of the Court;

12. In light of the anticipated closing date of July 29, 2016, if an offer is made pursuant to the foregoing paragraphs, each party should file a statement within seven

days of the expiration of the 10-day notice period identifying that party's position on how the court should proceed, together with a proposed order, with simultaneous reply briefs due seven days thereafter.

Dated this 14th day of June, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge